# UNITED STATES DISTRICT COURT

Eastern  District of  Pennsylvania

UNITED STATES OF AMERICA
V.

VAHAG HAYRAPETYAN

**JUDGMENT IN A CRIMINAL CASE**

Case Number: DPAE2:09CR000711-001

USM Number:

Jeffrey M. Miller, Esq.
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s)  2

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense | Count |
|---|---|---|---|
| 21:371 | Conspiracy to commit bank fraud | 11/2006 | 1 |
| 18:1344; 2 | Bank fraud; aiding and abetting | 11/20/06 | 2 |

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

x Count(s)  1  x is  ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 21, 2010
Date of Imposition of Judgment

*/s/ Jan E. DuBois/*
Signature of Judge

Jan E. DuBois, U.S.D.J.
Name and Title of Judge

April 21, 2020
Date

DEFENDANT:    VAHAG HAYRAPETYAN
CASE NUMBER:    DPAE2:09CR000711-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Four (4) months on Count 2 of the Indictment.

- [X] The court makes the following recommendations to the Bureau of Prisons:
  That defendant be designated to Federal Prison Camp-Fairton.

- [ ] The defendant is remanded to the custody of the United States Marshal.

- [ ] The defendant shall surrender to the United States Marshal for this district:
  - [ ] a _____ [ ] a.m. [ ] p.m. on _____
  - [ ] as notified by the United States Marshal.

- [X] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  - [X] before 2 p.m.    June 21, 2010*
  - [ ] as notified by the United States Marshal.
  - [ ] as notified by the Probation or Pretrial Services Office.

\* In the event no institution is designated by the Bureau of Prisons on or before June 21, 2010, defendant shall self-surrender no later than 2:00 p.m., on Monday, June 21, 2010, at the Office of U.S. Marshal, U.S. Courthouse, 601 Market Street, Philadelphia, PA, 19106.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Judgment—Page 3 of 7

DEFENDANT: VAHAG HAYRAPETYAN
CASE NUMBER: DPAE2:09CR000711-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

Five (5) years on Count 2 of the Indictment.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: VAHAG HAYRAPETYAN
CASE NUMBER: DPAE2:09CR000711-001

# ADDITIONAL SUPERVISED RELEASE TERMS

1. As soon as arrangements can be made after defendant is released from custody, he shall be placed in home detention with electronic monitoring for a period of four (4) months. During such period, defendant shall remain at his place of residence, and shall be permitted to leave his residence only for employment, to obtain medical treatment, to attend religious services, to shop for necessities, and for any other reason approved in advance by the United States Probation Office. Defendant shall maintain a telephone at his place of residence without any "call forwarding," "caller ID," "call waiting," modems, answering machines, cordless telephones, or other special services while he is in home detention under electronic monitoring. While in home detention with electronic monitoring, defendant shall comply with all of the applicable rules and regulations of the United States Probation Office. Defendant shall not be required to pay the cost of electronic monitoring;

2. The periodic drug testing mandated by the Violent Crime Control and Law Enforcement Act of 1994 is hereby suspended. The Court finds that the offense of conviction is not drug related, and defendant has no current or past history of substance abuse;

3. Defendant shall pay the restitution imposed by this Judgment that remains unpaid at the commencement of his supervised release at the rate of not less than $30.00 per week while defendant is employed;

4. Defendant shall not incur new credit charges or open additional lines of credit without the prior approval of the United States Probation Office until his restitution is paid-in-full;

5. Defendant shall provide the United States Probation Office with access to any requested financial documents or other financial information;

6. Defendant shall notify the United States Probation Office of any assets received after imposition of this Order, and shall not disperse his interest in any assets including, but not limited to, income tax refunds, inheritance, insurance and lawsuit settlements, or gambling winnings, without the prior approval of the United States Probation Office;

7. Defendant shall provide truthful information to Immigration and Customs Enforcement and shall comply with all of the rules and regulations of Immigration and Customs Enforcement; and,

8. If deported, defendant shall not re-enter the United States without the written permission of the Attorney General or his successor. If the defendant re-enters the United States, he shall report in person to the nearest United States Probation Office within forty-eight (48) hours.

DEFENDANT:     VAHAG HAYRAPETYAN
CASE NUMBER:     DPAE2:09CR000711-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ 11,210.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| See Page 6. | | | |
| **TOTALS** | $ $11,210.00 | $ $11,210.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X    the interest requirement is waived for the    ☐ fine    x    restitution.

    ☐    the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: VAHAG HAYRAPETYAN
CASE NUMBER: DPAE2:09CR000711-001

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Defendant shall pay restitution in the total amount of $11,210.00 to Wachovia Bank. The restitution shall be due immediately. Interest on the restitution obligation is waived. Restitution payments shall be made payable to Clerk, U.S. District Court, Eastern District of Pennsylvania, for distribution to:

Wachovia Bank
ATTN: Case Ref. No. 200-601-7598
401 Market Street
Philadelphia, Pennsylvania 19106.

The Court recommends that, while in custody, defendant pay his restitution pursuant to the Bureau of Prisons Inmate Financial Responsibility Program provided, however, that defendant shall pay the restitution in quarterly installments of not less than $25.00 out of his prison earnings, unless his prison earnings are less than $25.00 a quarter, in which event, the quarterly installment shall be the amount of his prison earnings. Beginning thirty (30) days after defendant is released from custody, defendant shall pay the balance due on his restitution obligation in weekly installments of not less than $30.00 while defendant is employed.

The Court finds that defendant has sufficient assets, income and income earning potential to warrant imposition of the restitution order and payment schedule, taking into account his expenditures for food, clothing, shelter and other necessities for himself and his family.

The Court finds that defendant has insufficient assets, income and income earning potential to warrant imposition of a fine in addition to the restitution obligation. Accordingly, a fine is waived in this case.

Defendant shall pay to the United States a special assessment of $100.00, which shall be due immediately. The special assessment shall be paid on or before April 26, 2010.

DEFENDANT: VAHAG HAYRAPETYAN
CASE NUMBER: DPAE2:09CR000711-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** X Special instructions regarding the payment of criminal monetary penalties:

See Page No. 6.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

*[Handwritten: 5-22-10 CC: D. Wolf, AUSA; J. Miller, ESQ.; Probation; Pretrial; USM; FLU; ST Clerk; J. Zinjo]*

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.